# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| CHARLES POAG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    CV419-220 |
| | ) |
| JOHN WILCHER, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner at the Chatham County Detention Center, has submitted a 42 U.S.C. § 1983 Complaint challenging the conditions of his confinement and alleging denial of adequate medical care. Doc. 1. The Court granted plaintiff's motion for leave to proceed *in forma pauperis* (IFP), doc. 3, and he has provided all requested documentation, docs. 4 and 5. The Court now screens the Complaint pursuant to 28 U.S.C. § 1915A.[1]

---

[1] The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71, sets forth procedures governing the filing of complaints in federal court by prisoners and other detainees. In cases seeking redress from a government entity or its officials, the PLRA requires a preliminary screening in order to "identify cognizable complaints" and to dismiss, prior to service, any complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

The Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th

As he has failed to exhaust all available administrative remedies, plaintiff's claims should be **DISMISSED**.

## BACKGROUND

Plaintiff presents his Complaint as a day-by-day recounting of various actions and deprivations spanning six weeks in July and August 2019. As the Complaint is technically deficient, however, it is unnecessary for the Court to engage in a detailed recitation of the facts. In brief summary, plaintiff alleges that he was placed into administrative detention with a leaking toilet and no mattress.[2] Doc. 1 at 5. Plaintiff remained in the cell for 15 days and though a mattress was provided after the second day, the leaking remained a persistent annoyance. *Id*. at 5–6. On multiple occasions during the 40 days covered by his Complaint, prison officials either denied to him meals or provided food that did not accommodate his dietary needs. *Id*. at 5–8. Medical staff occasionally failed to provide his medication or distributed incorrect medication.[3]

---

Cir. 2001). In doing so, allegations in plaintiff's Complaint are taken as true and construed in the light most favorable to him. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations alone, however, are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

[2] Plaintiff does not indicate why he was placed in administrative segregation.

[3] The Complaint is largely silent as to what type of medication plaintiff was to receive. In fact, the only insight given is a parenthetical reference to depression. *Id*. at 7. There

Plaintiff also alleges that jail officials actively interfered with his ability to seek medical attention for an abscessed tooth. *Id*. at 6–7 & 9. Despite his plethora of allegations spanning six pages of his Complaint, plaintiff concedes that he never filed a grievance with jail officials.[4] *Id*. at 3.

## ANALYSIS

Plaintiff admits that he has not fully exhausted the available administrative remedies. *Id*. "[T]he PLRA exhaustion requirement requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). Failure to exhaust administrative remedies is an affirmative defense, and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Normal pleading rules still apply to prisoner suits, however. *Id*. at 214–15. When a prisoner's failure to exhaust is apparent on the face of the Complaint,

---

is no additional information regarding the type of medication, the number of medications, or whether the medication was administered pursuant to a prescription.

[4] Plaintiff indicates that he sent something to "Internal Affairs;" but which specific Internal Affairs unit is left a mystery. Doc. 1 at 4. The logical choice would be the Internal Affairs unit of the Chatham County Sheriff's Office, which oversees the detention center. Plaintiff, however, in a later section of his Complaint asks for the matter to be referred to "Internal Affairs in Atlanta." *Id*. at 11. The Court is at a loss as to what agency in Atlanta plaintiff believes has oversight over local law enforcement in Chatham County. Plaintiff also fails to specify what issues were raised in his correspondence to the internal affairs unit.

making it clear that the prisoner cannot state a claim for relief, dismissal is warranted under 28 U.S.C. § 1915A. *Id.* at 214–15; *see also Clark v. State of Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 640 n. 2 (11th Cir. 1990) ("When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading.").

Plaintiff alleges that he did not raise his complaint through the available grievance system because: "(1) greivance [sic] to [sic] long (2) not given written copy of grievance (2) [sic] not given enough time to put grievance on kiosk (3) sent to internal affairs, they did nothing to help." *Id.* at 4. None of those circumstances excuse the mandatory exhaustion requirement. *See Ross v. Blake*, __ U.S. __, 136 S. Ct. 1850, 1856–58 (2016) (finding that the only exception to PLRA's exhaustion requirement is when available remedies are unavailable"). In fact, even if the Court were to adopt an extremely generous reading of the Complaint and presume that the alleged interference with plaintiff's ability to submit a sick call request through the prison kiosk also encompassed his ability to file a grievance, plaintiff's failure to exhaust should still not be excused because he was ultimately granted access to the kiosk system. As plaintiff has not

exhausted his admittedly available administrative remedies prior to filing suit, his claims should be **DISMISSED** without prejudice.[5] *See, e.g., Gill v. Deal*, 2018 WL 3650269 at *3 (S.D. Ga. Aug. 1, 2018); *Sewell v. Ramsey*, 2007 WL 201269 at *2 (S.D. Ga. Jan. 24, 2007).

## CONCLUSION

In summary, the Court **RECOMMENDS** that plaintiff's Complaint be **DISMISSED** for failure to exhaust available administrative remedies.[6]

---

[5] The case cannot be stayed either, pending exhaustion, because PLRA requires an inmate to exhaust his administrative remedies before filing his complaint in federal court. *See Brown v. Sikes*, 212 F.3d 1205, 1207–08 (11th Cir. 2000); ("when a state provides a grievance procedure for its prisoners, . . . an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit"); *see also Harris v. Garner*, 190 F.3d 1279, 1285–86 (11th Cir. 1999).

[6] Though plaintiff's failure to exhaust is ultimately fatal to his claim, it is not the only technical flaw. The Complaint also fails to identify a proper defendant as Sheriff Wilcher did not participate in the alleged misconduct or promulgate policies that created unconstitutional conditions. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a *respondeat superior* theory of liability"); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) (supervisory liability attaches where the "supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation."). Also, among the relief sought by plaintiff are punitive damages for "mental anguish" and various administrative punishments within the context of prison official's employment—demotions, suspensions, reprimands, and referrals to internal affairs. Doc. 1 at 11. PLRA does not provide for a civil action based on mental or emotional injury absent a showing of "physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). Furthermore, § 1983 is not a vehicle to seek the Court's inappropriate interference into what are essentially administrative and employment decisions of the Chatham County Detention Center. *See Lee v. Tillman*, 2006 WL 4715127, * 3 (S.D. Ala. Sept. 22, 2005)

Meanwhile, it is time for plaintiff to pay his filing fee. His PLRA paperwork reflects $0 in average monthly deposits and a $0 average reserved monthly balance over the six-month period prior to the date of his Prison Account Statement. Doc. 4. He, therefore, owes no initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full. In the event that plaintiff is transferred to another facility, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to his new custodian. The balance due from plaintiff shall be collected by the custodian at all future facilities in accordance with the terms of this Order. A copy of this Order and of the Consent to Collection of Fees form Trust Account shall be served upon plaintiff and his current custodian. The payment portion of this Order is

---

("Plaintiff's requests to reprimand, remove, replace, and investigate are not appropriate requests in this § 1983 action.").

to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 17th day of April, 2020.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA